**Bruce E. TASSONE, Plaintiff–Appellant,**

v.

**FOXWOODS RESORT CASINO, Mashantucket Pequot Indian Tribe of Connecticut, Defendants–Appellees.**

No. 12–2436–cv.

United States Court of Appeals, Second Circuit.

June 4, 2013.

Bruce E. Tassone, North Adams, MA, pro se.

Elizabeth Conway, Esq., Mashantucket Pequot Tribal Nation Office of Legal Counsel, Mashantucket, CT, David S. Williams, Esq., and Cassie N. Jameson, Esq., Brown Jacobson P.C., Norwich, CT, for Defendants–Appellees.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judge, and RICHARD W. GOLDBERG,* Judge.

## SUMMARY ORDER

Appellant Bruce E. Tassone, *pro se,* appeals from the judgment of the district court granting Appellees' motion to dismiss for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), Appellant's complaint asserting, *inter alia,* violations of Connecticut General Statutes § 53–396, tortious breach of duty, premises liability, intentional infliction of emotional distress, breach of contract, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1). *See Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power

* Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

It is well-settled that Indian tribes "possess the common-law immunity from suit traditionally enjoyed by sovereign powers." *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 356 (2d Cir.2000). As a matter of federal law, "an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998). The Supreme Court has explained that, "[t]o abrogate tribal immunity, Congress must unequivocally express that purpose," and "to relinquish its immunity, a tribe's waiver must be clear." *C & L Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Okla.*, 532 U.S. 411, 418, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001) (internal citations and quotation marks omitted). Tribal immunity also applies to entities, such as Foxwoods Resort Casino, that are arms, agencies or subdivisions of the tribe. *See Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir.2004); *see also Bassett*, 204 F.3d at 357–58; *Worrall v. Mashantucket Pequot Gaming Enter.*, 131 F.Supp.2d 328, 331 (D.Conn.2001).

After an independent review of the record and relevant case law, we conclude that the district court properly held that it lacked subject matter jurisdiction due to Defendants' sovereign immunity. Tassone has not identified any express abrogation nor waiver of Defendants' sovereign immunity with respect to individual citizens. Likewise, the Supreme Court's decision in *Nevada v. Hicks*, 533 U.S. 353, 121 S.Ct. 2304, 150 L.Ed.2d 398 (2001), and *Strate v. A–1 Contractors*, 520 U.S. 438, 117 S.Ct. 1404, 137 L.Ed.2d 661 (1997), which Tassone cites in support of his argument, concern the ability of tribal courts to assert jurisdiction over defendants who are not tribal members, not the ability of non-members to sue Indian tribes in state or federal court.

We have considered all of Tassone's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.